Filed 3/3/25  P. v. Taylor CA2/3

## NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

## IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

## SECOND APPELLATE DISTRICT

## DIVISION THREE

| | |
|---|---|
| THE PEOPLE, | B335451 |
| Plaintiff and Respondent, | Los Angeles County Super. Ct. No. PA087551-03 |
| v. | |
| DANIEL ANTHONY TAYLOR, | |
| Defendant and Appellant. | |

APPEAL from a judgment of the Superior Court of Los Angeles County, Michael Terrell, Judge.  Reversed and remanded with instructions.

Richard B. Lennon, under appointment by the Court of Appeal, for Defendant and Appellant.

Rob Bonta, Attorney General, Lance E. Winters, Chief Assistant Attorney General, Susan Sullivan Pithey, Assistant Attorney General, Jonathan M. Krauss and Susan S. Kim, Deputy Attorneys General, for Plaintiff and Respondent.

Daniel Anthony Taylor appeals from a judgment of conviction after the trial court executed a suspended prison sentence. Taylor had violated his probation. Taylor argued below, and contends on appeal, that his probation had expired under Assembly Bill No. 1950 (2019–2020 Reg. Sess.) (Assembly Bill 1950), which took effect on January 1, 2021, and reduced the maximum length of probation for most felonies to two years. (See *People v. Prudholme* (2023) 14 Cal.5th 961, 963 (*Prudholme*).) We agree. We therefore reverse and remand for the trial court to modify the term of Taylor's probation to conform with Assembly Bill 1950, to reinstate and then terminate his probation, and to vacate his prison sentence.

## FACTS AND PROCEDURAL BACKGROUND

As the facts of the underlying crime are not necessary for our resolution of this appeal, we summarize them only briefly. In August 2016, Taylor and two other men beat a fellow inmate in a correctional facility. The threesome hit the victim repeatedly with their fists while the victim lay on the ground in a fetal position with his hands covering his face and his knees tucked up into his chest. The People charged all three perpetrators with assault by means of force likely to produce great bodily injury. The People alleged Taylor had two prior strikes and three prison priors.

On December 14, 2017, Taylor entered into a plea agreement with the People. Taylor pleaded no contest to the charge. The People moved to strike both strikes as well as the prison priors and the court granted that motion. The court sentenced Taylor to the agreed-upon sentence of the midterm of three years in the state prison. The court suspended execution of the sentence and placed Taylor on three years of formal felony

probation[1] on the conditions he serve 365 days in the county jail, stay away from the victim, obey all laws, and otherwise comply with standard probationary terms.

In October 2018, the court revoked Taylor's probation and issued a bench warrant. The probation department apparently had notified the court that Taylor had been arrested, reportedly for possession of methamphetamine. (The record on appeal does not include that set-on report.) In January 2019 Taylor was arrested on the bench warrant. On February 4, 2019, Taylor waived a formal hearing on the probation violation and stipulated he had violated his probation. The court reinstated Taylor's probation on the condition he serve an additional 180 days in the county jail.[2] There is no indication the court extended the expiration date of Taylor's probation.

On November 23, 2020, the court again revoked Taylor's probation and issued a bench warrant. Taylor apparently had been arrested in San Bernardino County for grand theft. On June 20, 2023, Taylor appeared before the court in custody. The court recalled and quashed the warrant.

Taylor's counsel contended Taylor's probation had expired in January 2020 under Assembly Bill 1950 and the court therefore lacked jurisdiction to proceed with a probation violation. The prosecutor disagreed. After a lengthy hearing, the court agreed with the prosecution, set bail, and scheduled a probation violation hearing.

---

[1]     In his opening brief, Taylor incorrectly states the court placed him on five years of probation.

[2]     The record on appeal does not include a reporter's transcript of the February 4, 2019 proceedings.

The parties appeared again before the court on July 5, 2023.  The court stated its tentative was to execute the suspended sentence.  Taylor's counsel again raised the Assembly Bill 1950 issue.  Counsel and the court discussed *Prudholme, supra,* 14 Cal.5th 961, which the Supreme Court had issued some ten days earlier.  The court noted *Prudholme* did not deal with a probation *violation.*  Taylor's counsel told the court he planned to file a writ petition and the court set the matter for further proceedings on August 9.  The court later continued the matter to October 24 because of writ proceedings in the court of appeal.

On October 24, 2023, Taylor waived his right to a formal hearing and admitted he'd violated his probation.  The court executed the suspended sentence of three years.  The court granted Taylor 629 days of custody credits.

Taylor appealed.  On April 4, 2024, the administrative presiding justice of this court issued an order that Taylor's appeal is limited to issues that do not require a certificate of probable cause.

## DISCUSSION

Effective January 1, 2021, Assembly Bill 1950 amended Penal Code section 1203.1, subdivision (a) to limit probation for most felonies to two years, with exceptions that don't apply here. (See Pen. Code, § 1203.1, as amended by Stats. 2020, ch. 328, § 2.)[3]  In *Prudholme, supra,* 14 Cal.5th 961, the Supreme Court held Assembly Bill 1950 "applies retroactively to cases not yet final on appeal." (*Prudholme,* at p. 963.)

---

[3]     References to statutes are to the Penal Code.

This case is nearly identical to *People v. Butler* (2022) 75 Cal.App.5th 216, review granted June 1, 2022, S273773 (*Butler*), issued by our colleagues in Division 8, before our Supreme Court decided *Prudholme*. In that case, the defendant Butler had entered into a plea agreement with the People in November 2017. It provided for a five-year prison sentence, execution of which would be suspended, and five years probation. Butler violated the terms of his probation several times, and in February 2020 the court revoked his probation. (*Butler*, at p. 219.)

In April 2021, Butler admitted he'd violated probation. But he contended that, under Assembly Bill 1950, "the trial court had lost jurisdiction to revoke his probation because he had already served the maximum felony probation term of two years." (*Butler*, *supra*, 75 Cal.App.5th at p. 219.) The trial court disagreed and executed the prison sentence (reducing it, however, to three years because two of the years were for prison priors). (*Id.* at pp. 219–220.)

On appeal in *Butler*, the Attorney General did "not contest that Assembly Bill No. 1950 applies retroactively to cases not yet final on appeal," and he also "agree[d] that the trial court had lost jurisdiction to revoke probation when it sentenced Butler to . . . prison." (*Butler*, *supra*, 75 Cal.App.5th at p. 220.) The only issue, then, in *Butler* was whether the appellate court should remand the case for the prosecution to renegotiate the plea deal. (See *People v. Stamps* (2020) 9 Cal.5th 685.) The *Butler* court declined to do so (*Butler*, at pp. 221–225)—the same conclusion our high court later reached in *Prudholme*.

The Attorney General does not make the same concession here that he made in *Butler*. Indeed, he does not even cite *Butler*. The Attorney General argues, "Since the violation (2020) and

5

revocation (November 2020) occurred when appellant was validly on probation for three years (from January 2018 to January 2021), AB 1950 did not eliminate the trial court's authority to revoke his probation on November 23, 2020." (Fn. omitted.) Thus, the Attorney General says, "AB 1950 does not retroactively apply to appellant, and the trial court properly revoked his probation in November 2020."

The Attorney General relies almost exclusively on *People v. Faial* (2022) 75 Cal.App.5th 738, review granted May 18, 2022, S273840 (*Faial*). *Faial* was decided about two weeks after *Butler*, and it did not discuss that case. More importantly, there's a significant difference between *Faial* and this case.

In *Faial*, a jury convicted the defendant Faial of burglary, criminal threats, and petty theft with a prior. The court struck Faial's strikes and sentenced him to 12 years in the state prison. The court suspended execution of that sentence and placed Faial on probation for four years. Faial violated his probation a number of times. Eventually, in May 2019, the court revoked Faial's probation. In November 2019, the trial court found—after a hearing—that Faial had violated the terms of his probation. Accordingly, the court executed the 12-year suspended sentence. (*Faial*, *supra*, 75 Cal.App.5th at pp. 740–742.)

On appeal, the court rejected Faial's contention Assembly Bill 1950 applied to him. The court stated, "[T]here is no dispute that when Assembly Bill 1950 went into effect, defendant's probation had already been properly terminated based on [his] violations and he was in prison serving his executed 12-year-sentence." (*Faial*, *supra*, 75 Cal.App.5th at p. 745.) Here, by contrast, Taylor's probation had not been terminated, nor was he serving his prison sentence, when Assembly Bill 1950

6

went into effect in January 2021. In short, while Faial's conviction was final, Taylor's was not.

Here, the court had summarily revoked Taylor's probation and issued a bench warrant in late November 2020. Taylor did not appear in court until June of 2023. Defense counsel contended the effect of Assembly Bill 1950 was that Taylor's probation had expired in January 2020, two years after he was sentenced in January 2018. By the time the court revoked probation and issued a warrant in November 2020, Taylor had been on probation for nearly two years and seven months (not counting the three and one-half months between October 2018 and January 2019 when his probation was revoked). (Cf. *Butler, supra*, 75 Cal.App.5th at pp. 219–220 [defendant already had served more than the maximum term of probation allowed because he served more than two years and three months of probation].)

Our Supreme Court has granted review in *Faial* and *Butler*, as well as in several cases that addressed the issue presented in this appeal. (See *People v. Jackson* (2023) 93 Cal.App.5th 207, 210, review granted Sept. 13, 2023, S281267 [Assembly Bill 1950 applied retroactively to case not yet final when bill took effect so court could not find probation violation based on misconduct that took place more than two years after defendant's probationary term began but before bill's effective date]; *People v. Canedos* (2022) 77 Cal.App.5th 469, 473–474, review granted June 29, 2022, S274244 [although defendant violated probation before effective date of Assembly Bill 1950, neither court's finding of violation nor original conviction was

7

final for purposes of retroactivity under *In re Estrada* (1965) 63 Cal.2d 740; no principled basis for denying relief]; *Kuhnel v. Appellate Division of Superior Court* (2022) 75 Cal.App.5th 726, 729, 735, review granted June 1, 2022, S274000 [trial court retained jurisdiction to adjudicate violation committed during misdemeanor defendant's first year of probation, even though court didn't revoke probation until after the year had passed].)

Pending further guidance from our high court, we will continue to agree with the sound analysis of our colleagues in *Butler*.

## DISPOSITION

We reverse the order finding Daniel Anthony Taylor in violation of probation and vacate the executed sentence.  We remand the case to the trial court for resentencing.  The court is to modify Taylor's term of probation to two years in accordance with Assembly Bill No. 1950, and then to set aside the prison sentence, reinstate probation, and terminate probation.

**NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS**

EGERTON, Acting P. J.

We concur:

ADAMS, J.

HANASONO, J.*

---

\* Judge of the Los Angeles Superior Court, assigned by the Chief Justice pursuant to article VI, section 6 of the California Constitution.

9